IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 14 B 10440 |
| Yolanda Prado ) | Hon. Judge Schmetterer |
| Debtor. ) | CHAPTER 13 |
| ) | |
| Yolanda Prado ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 14 AP 00300 |
| ) | |
| BMO Harris Bank, N.A. ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. The Plaintiff is Yolanda Prado ("Plaintiff").

2. The Defendant is BMO Harris Bank, N.A., ("Defendant").

### B. Factual Background

1. On March 22, 2014, the Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 4815 S Lavergne Ave, Chicago, IL 60638.

3. That Citimortgage, Inc holds a first mortgage lien on the real property commonly known as 4815 S Lavergne Ave, Chicago, IL 60638 with a secured claim of $221,001.00 pursuant Plaintiff's recent credit report.

4. The Defendant holds a second mortgage lien on the real property commonly known as 4815 S Lavergne Ave, Chicago, IL 60638 with a secured claim of $81,806.00 pursuant to Plaintiff's recent credit report.

5. On March 8, 2014, William A Jackson of William Jackson Appraisals performed a residential real estate appraisal on Plaintiff's property. Said appraisal reflects the value of 4815 S Lavergne Ave, Chicago, IL to be $160,000.00.

Case 14-00300    Doc 10    Filed 06/09/14    Entered 06/10/14 08:28:42    Desc Main
Document      Page 2 of 3

14-00300:5.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/4/2014 5:50:57 PM by:Monica Morariu Page 2 of 3

6. The Chapter 13 Plan filed on March 26, 2014 provides that Plaintiff will make month payments to the Chapter 13 Trustee in the amount of $850.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On May 2, 2014, the Plaintiff issued a Summons and Complaint pursuant to 11. U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 4815 S Lavergne Ave, Chicago, IL 60638.

9. That on May 2, 2014, a copy of the summons and complaint was served in accordance with Fed. R. Bank. P. 7004 *via certified mail*, postage prepaid to:

   a. William Downe, President and CEO, BMO Harris Bank, N.A., 111 W. Monroe Street, Chicago, IL 60603;

   b. Colleen M Hennessy, registered agent for BMO Harris Bank, N.A., 111 W. Monroe Street, Chicago, IL 60603.

10. The Summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $160,000.00.

13. The first secured claim of Citimortgage, Inc in the amount of $221,001.00 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

   1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

   2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

   3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

   1. This action was initiated under 11 U.S.C. 506(a) and Fed. R. Bank. P 3012.

2. The Plaintiff scheduled the first secured claim of Citimortgage, Inc in the amount of $221,001.00 and the the second secured claim of BMO Harris, N.A., in the amount of $81,806.00.

3. The value of Plaintiff's residence is $160,000.00.

4. The first mortgage lien of $221,001.00. exceeds the value of the subject property, $160,000.00.

5. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage lien would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim. If the Debtors' Chapter 13 Bankruptcy case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(C).

6. A majority of circuit courts hold that a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. § 1322(b). *See Nobleman v. American Savings Bank*, 508 U.S. 324 (1993).

7. Because the second junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed a secured claim and the second junior mortgage lien may be stripped off. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *McDonald v Master Fin., Inc (In re McDonald)*, 205 F.3d 606 (3rd Cir.2000); *Bartee v. Tara Colony Homeowners Association (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F.3d 663 (6th Cir. 2002).

Dated: JUN 09 2014

Enter:

United States Bankruptcy Judge

Citizens Law Group, Ltd.
Attorney for Debtor
2101 West Division
Chicago, IL 60622